IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| MARKESE L. BAZEMORE, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| M+A MATTING, LLC, | |
| Defendant. | **JURY TRIAL DEMAND** |

**COMPLAINT**

Comes Now, Plaintiff, Markese L. Bazemore, and files his Complaint against the above-named Defendant on the following grounds:

**INTRODUCTION**

1.

This is an action for race discrimination, including a racially hostile work environment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), codified at 42 U.S.C. § 2000e et seq. In addition, this is an action for race discrimination, including a racially hostile work environment, and retaliation, including a retaliatory hostile work environment pursuant to 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

## JURISDICTION

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

Defendant is a Georgia limited liability company doing business within the State of Georgia, and maintaining its registered agent and address as Fred L. Turner, 106 Church Street, LaGrange, Troup County, Georgia 30240.

4.

This Court has personal jurisdiction over Defendant.

5.

Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

## VENUE

6.

Defendant's registered agent resides within the Newnan Division of the Northern District of Georgia as defined by 28 U.S.C. § 1391(c)(2).

7.

Venue in the Newnan Division of the Northern District of Georgia is proper for Defendant pursuant to 28 U.S.C. § 1391(b)(1).

**THE PARTIES**

8.

The Plaintiff is an African-American male who resides in Phenix City, Alabama.

9.

From approximately September 7, 2017 until February 8, 2021, the Plaintiff was employed by Defendant.

10.

Defendant is a for-profit Georgia limited liability company operating in the Newnan Division of the Northern District of the State of Georgia and is subject to the jurisdiction of this Court.

11.

Defendant may be served with summons and process by service upon its registered agent, Fred L. Turner, 106 Church Street, LaGrange, Troup County, Georgia 30240.

**FACTS**

12.

Defendant operates its floor matting business throughout the United States of America, including the State of Georgia.

13.

On or about September 7, 2017, the Plaintiff was hired by Defendant as a Machine Operator.

14.

During his employment, the Plaintiff was promoted to a Team Lead.

15.

After the Plaintiff was promoted to Team Lead, the Plaintiff did not receive a pay increase, he was not included in meetings, and he was not provided computer access.

16.

Jesus Moreno, a non-African American Team Lead, received a pay increase as a Team Lead, was included in meetings, and was provided computer access.

17.

Kevin Sevilla, a non-African American Team Lead, received a pay increase as a Team Lead, was included in meetings, and was provided computer access.

18.

Throughout his employment, the Plaintiff performed his duties in a satisfactory or above manner.

19.

On or about May 17, 2020, the Plaintiff noticed that the teeth had been cut out from his comb that he kept at his workstation.

20.

On or about May 17, 2020, the Plaintiff reported the harassment to Kevin Sevilla, the Shift Supervisor.

21.

On or about May 20, 2020, Moreno began harassing the Plaintiff by destroying his personal property and writing a racial slur, "Niga," on the Plaintiff's comb.

22.

The Plaintiff immediately reported the racial harassment to Sevilla.

23.

The Plaintiff also reported the racial harassment to Andrew Barber (Caucasian), Supervisor.

24.

Sevilla and Barber failed to take any action and, instead, chuckled about the derogatory racial slur written on the Plaintiff's comb.

25.

On or about June 1, 2020, the Plaintiff reported the racial harassment to Terrie Workman, Human Resources Manager.

26.

Defendant failed to take any action to investigate the Plaintiff's complaint and/or to take prompt remedial action regarding the racial harassment.

27.

Defendant fails to maintain a widely disseminated policy prohibiting racial discrimination and for reporting and investigating complaints of racial harassment and discrimination.

28.

On June 3, 2020, after the Plaintiff complained about race discrimination, Defendant issued the Plaintiff a false verbal warning.

29.

On August 26, 2020, the Plaintiff filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (A true and accurate copy of EEOC Charge of Discrimination #410-2020-05894 is attached hereto as Plaintiff's Exhibit A)

30.

After Defendant received the Plaintiff's Charge of Discrimination, Defendant began a retaliatory campaign by issuing the Plaintiff false write-ups.

31.

In September of 2020, Moreno walked by the Plaintiff and stated: "What's up nigga?"

32.

During his employment, the Plaintiff and other African-Americans were treated in a disrespectful and demeaning manner.

33.

During his employment, non-African American employees were not treated in a disrespectful and demeaning manner.

34.

The Plaintiff has been subjected to a racially hostile work environment while employed by Defendant.

35.

Defendant was on notice of the racially hostile work environment, but failed to properly investigate the Plaintiff's complaints and failed to timely take prompt remedial action.

36.

The Plaintiff has been subjected to a retaliatory hostile work environment while employed by Defendant.

37.

Defendant was on notice of the retaliatory hostile work environment, but failed to properly investigate the Plaintiff's complaints and failed to timely take prompt remedial action.

38.

On or about February 1, 2021, the Plaintiff was suspended from employment.

39.

On or about February 8, 2021, the Plaintiff was terminated from employment.

40.

The reasons for the Plaintiff's discipline, suspension, and/or termination are false and a pretext for race discrimination.

41.

The reasons for the Plaintiff's discipline, suspension, and/or termination are false and a pretext for retaliation.

42.

After the Plaintiff's termination, Defendant replaced the Plaintiff with a non-African American employee.

43.

The Plaintiff has been treated differently than similarly-situated non-African-American employees.

44.

Similarly-situated non-African-American employees who have engaged in conduct similar to that which the Plaintiff was accused of were not disciplined, suspended, and/or terminated by Defendant.

45.

The Plaintiff has been treated differently than similarly-situated employees in the terms and conditions of his employment because of his race.

46.

Defendant has engaged in illegal discrimination against the Plaintiff because of his race.

47.

The Plaintiff has been treated differently than similarly-situated employees in the terms and conditions of his employment because of his complaints regarding race discrimination.

48.

Defendant has engaged in illegal retaliation against the Plaintiff.

**COUNT ONE: TITLE VII – RACE DISCRIMINATION**

49.

Plaintiff incorporates herein paragraphs 1 through 48 of his Complaint.

50.

Defendant has engaged in intentional race discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, his pay, discipline, suspension, and termination.

51.

The Plaintiff has been subjected to a racially hostile work environment while employed by Defendant.

52.

Defendant's conduct violates Title VII.

53.

On August 26, 2020, the Plaintiff filed a timely Charge of Discrimination alleging race discrimination with the EEOC. (Plaintiff's Exhibit A)

54.

On March 23, 2021, the Plaintiff filed a timely Amended Charge of Discrimination alleging race discrimination with the EEOC. (A true and accurate copy of EEOC Amended Charge of Discrimination #410-2020-05894 is attached hereto as Plaintiff's Exhibit B)

55.

On or about June 12, 2021, the Plaintiff received his "Notice of Suit Rights" letter from the EEOC for his Charge of Discrimination and Amended Charge of Discrimination. (A true and accurate copy of EEOC Notice of Suit Rights for Charge of Discrimination #410-2020-05894 is attached hereto as Plaintiff's Exhibit C)

56.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

57.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of his "Notice of Suit Rights" letter from the EEOC.

58.

Defendant's discriminatory conduct in violation of Title VII has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

59.

Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

60.

Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT TWO: TITLE VII – RETALIATION**

61.

Plaintiff incorporates herein paragraphs 1 through 60 of his Complaint.

62.

The Plaintiff has been subjected to a retaliatory hostile work environment while employed by Defendant.

63.

Defendant has engaged in retaliation in the terms and conditions of the Plaintiff's employment, including, but not limited to, his pay, discipline, suspension, and termination.

64.

Defendant's conduct violates Title VII.

65.

On August 26, 2020, the Plaintiff filed a timely Charge of Discrimination alleging retaliation with the EEOC.  (Plaintiff's Exhibit A)

66.

On March 23, 2021, the Plaintiff filed a timely Amended Charge of Discrimination alleging retaliation with the EEOC. (Plaintiff's Exhibit B)

67.

On or about June 12, 2021, the Plaintiff received his "Notice of Suit Rights" letter from the EEOC for his Charge of Discrimination and Amended Charge of Discrimination. (Plaintiff's Exhibit C)

68.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

69.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of his "Notice of Suit Rights" letter from the EEOC.

70.

Defendant's retaliatory conduct in violation of Title VII has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

71.

Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

72.

Defendant has engaged in retaliatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT THREE:   42 U.S.C. § 1981 – RACE DISCRIMINATION**

73.

Plaintiff incorporates herein paragraphs 1 through 72 of his Complaint.

74.

The Plaintiff has been subjected to a racially hostile work environment while employed by Defendant.

75.

Defendant has engaged in intentional race discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, his pay, discipline, suspension, and termination.

76.

Defendant's conduct violates 42 U.S.C. § 1981.

77.

Defendant's discriminatory conduct in violation of 42 U.S.C. § 1981 has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

78.

Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

79.

Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**COUNT FOUR:   42 U.S.C. § 1981 – RETALIATION**

80.

Plaintiff incorporates herein paragraphs 1 through 79 of his Complaint.

81.

The Plaintiff has been subjected to a retaliatory hostile work environment while employed by Defendant.

82.

Defendant has engaged in retaliation in the terms and conditions of the Plaintiff's employment, including, but not limited to, his pay, discipline, suspension, and termination.

83.

Defendants' conduct violates 42 U.S.C. § 1981.

84.

Defendant's retaliatory conduct, in violation of 42 U.S.C. § 1981, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

85.

Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

86.

Defendant has engaged in retaliatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**PRAYER FOR RELIEF**

87.

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court order Defendant to reinstate his employment;
2. That the Court grant full front pay to the Plaintiff;
3. That the Court grant full back pay to the Plaintiff;
4. That the Court grant all lost benefits to the Plaintiff;
5. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendant's conduct;
6. That the Court grant Plaintiff punitive damages for Defendant's malicious and recklessly indifferent conduct;

7. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated against;

8. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to Title VII and/or 42 U.S.C. § 1988;

9. That the Court grant Plaintiff a jury trial;

10. That the Court grant Plaintiff all other relief the Court deems just and proper; and

11. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct.

Respectfully submitted this 7th day of September 2021.

**THE REDDY LAW FIRM, P.C.**

/s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney for Plaintiff
Georgia Bar No. 597320
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net